1   PETER J. TORMEY, California SBN 269869
Email: PT@AnTLegal.com
2   AARON M. DAVIS, California SBN 186051
Email: Aaron@AnTLegal.com
3   ANTERO, TORMEY & PETRIN LLP
101 Gregory Lane, #46
4   Pleasant Hill, CA 94523
Telephone: (925) 352-9842
5

6   Attorneys for Plaintiff PRO-TROLL

7

8               UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   PRO-TROLL, a California corporation,   )   CASE NO.:
                                            )
          Plaintiff,                        )   **VERIFIED COMPLAINT FOR**
12                                          )   **TEMPORARY AND PERMANENT**
          vs.                               )   **INJUNCTION AND DAMAGES:**
13                                          )
                                            )   1. **DESIGN PATENT**
14   PROKING SPOON LLC, a Michigan limited  )      **INFRINGEMENT; AND**
     liability company, and KMDA, Inc., a   )   2. **TORTIOUS INTERFERENCE**
15   Minnesota corporation,                 )      **WITH PROSPECTIVE**
                                            )      **ECONOMIC RELATIONSHIPS**
16        Defendants.                       )
                                            )   **JURY TRIAL DEMANDED**
17                                          )
                                            )
18   _____)

19                        **COMPLAINT**

20

21        COMES NOW plaintiff PRO-TROLL, a California corporation ("Plaintiff"), by and

22   through its attorneys Antero Tormey & Petrin LLP, and files this Complaint against PROKING

23   SPOON LLC, a Michigan limited liability company ("PROKING"); and KMDA, Inc., a

24   Minnesota corporation ( "KMDA") (Collectively, "Defendants"), and alleges as follows:

25                        **THE PARTIES**

26        1.      Plaintiff PRO-TROLL is a corporation organized and existing under the laws of the

27   State of California, having its principal place of business in the City of Lafayette, County of

28   Contra Costa, State of California. Plaintiff does business in the Northern District of California.

---

1

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

2.      Upon information and belief, defendant PROKING SPOON LLC is a limited liability company organized and existing under the laws of the State of Michigan, having its principal place of business in the City of Plainwell, State of Michigan. Upon information and belief, PROKING does business in the Northern District of California.

3.      Upon information and belief, defendant KMDA, Inc. is a corporation organized and existing under the laws of the State of Minnesota, having its principal place of business in the City of Bovey, State of Minnesota. Upon information and belief, KMDA does business in the Northern District of California.

## JURISDICTION AND VENUE

4.      This action is for patent infringement and tortious interference with prospective economic relationships.

5.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.* Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over the pendent state law claim under 28 U.S.C. § 1367. These claims derive from a common nucleus of operative facts and are so related that they form part of the same case or controversy.

6.      Venue is proper in the Northern District of California under 28 U.S.C. § 1391.

7.      This Court has personal jurisdiction over Defendants. Defendants conducts business within the State of California and within this judicial district.

8.      Upon information and belief, Defendants, directly or through intermediaries, distribute, offer for sale, sell, and/or advertise their products and services in the United States, the State of California, and the Northern District of California.

## INTRADICT ASSIGNMENT

9.      This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## FACTUAL ALLEGATIONS

10.      Plaintiff develops, produces and sells fishing products throughout the United States and worldwide.

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

11.     United States Design Patent No. D516,663, entitled "FISHING LURE" ("the '663). The '663 Design Patent was duly and legally issued on March 7, 2006 to Plaintiff as the Assignee of inventors Richard B. Pool and Cecil R. Spurgeon. A copy of the '663 Design Patent is attached hereto as **Exhibit A**.

12.     The '663 Design Patent has been in full force and effect since its issuance.

13.     Defendants are competitors in the industry that manufacture, distribute and/or sell fishing products. Defendants' fishing products include flashers sold under the name "Pro King Double Rudder Salmon Flasher" and flashers sold under KMDA's "Inticer" product line. Defendants sell these fishing products through a website at www.allseasonssports.com and through KMDA's website at www.kmdainc.com.

14.     On information and belief, KMDA manufactures and supplies the Inticer products to PROKING. PROKING further modifies or repackages the products for resale.

15.     Defendants' KMDA Inticer flasher incorporates all non-functional features of the '663 Design Patent.

16.     Defendants' Pro King Double Rudder Salmon Flasher incorporates all non-functional features of the '663 Design Patent.

17.     On August 28, 2017, Plaintiff sent to PROKING, and PROKING thereafter received, a cease-and-desist letter which identified the '663 Design Patent. This letter stated that Plaintiff owns the '663 Design Patent, and that the Pro King Double Rudder Salmon Flasher infringes one or more of Plaintiff's patents. A copy of this letter is attached hereto as **Exhibit B**.

18.     On October 5, 2017, Plaintiff sent to KMDA, and KMDA thereafter received, a cease-and-desist letter which identified the '663 Design Patent. This letter stated that Plaintiff owns the '663 Design Patent, and that the Pro King Double Rudder Salmon Flasher infringes one or more of Plaintiff's patents. A copy of this letter is attached hereto as **Exhibit C**.

19.     Upon information and belief, since receiving actual notice that the PROKING Double Rudder Salmon flasher and the KMDA Inticer flasher infringes the '663 Design Patent, Defendants have continued to infringe the '663 Design Patent by making, using, selling, and/or offering to sell the PROKING Double Rudder Salmon flasher and the Inticer flasher.

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

## COUNT I – DEFENDANTS' INFRINGEMENT
## OF THE '663 DESIGN PATENT

20.     Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 17 above and incorporates them by reference.

21.     Plaintiff has provided and Defendants have received actual notice of the '663 Design Patent.

22.     Defendants have directly infringed, and/or have induced others to infringe, and/or have committed acts of contributory infringement of the claims of the '663 Design Patent in violation of 35 U.S.C. § 271, *et seq*. Upon information and belief, Defendants have committed acts of infringement by making, using, selling, and/or offering to sell products within the United States, and/or importing products into the United States, including but not limited to fishing products under the name Pro King Double Rudder Salmon Flasher and KMDA Inticer.

23.     Upon information and belief, Defendants will continue to infringe the '663 Design Patent unless enjoined by this Court. As a result of the infringing conduct of Defendants, Plaintiff has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, Plaintiff is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

24.     As a result of Defendants' infringement of the '663 Design Patent, Plaintiff has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained but that will be determined at trial.

25.     Because Defendants have continued their activities after receiving actual notice of the '663 Design Patent from Plaintiff, Defendants' infringement is willful. As a result, Plaintiff is further entitled to trebling of damages pursuant to 35 U.S.C. § 284, and to the designation of this case as exceptional pursuant to 35 U.S.C. § 285, whereby Plaintiff is entitled to an award of its attorneys' fees.

## COUNT II – TORTIOUS INTERFERENCE
## WITH PROSPECTIVE ECONOMIC RELATIONSHIPS

COMPLAINT FOR PATENT INFRINGEMENT                           CASE NO.

26.     Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 23 above and incorporates them by reference.

27.     There is an economic relationship between Plaintiff and purchasers of fishing equipment, and there exists a probability of future economic benefit to Plaintiff from these purchasers.

28.     Upon information and belief, Defendants have knowledge of this relationship.

29.     Upon information and belief, Defendants intentionally engaged in acts that were designed to and which did disrupt this relationship, and Plaintiff has been harmed as a result, and will be further damaged, and is entitled to be compensated for such damages in an amount that presently cannot be ascertained but that will be determined at trial.

30.     Upon information and belief, Defendants' acts were beyond those of mere competitors securing business for themselves and, as discussed herein, were independently unlawful or illegitimate. Upon information and belief, Defendants' actions were willful, wanton, malicious, oppressive, and undertaken with intent to harm Plaintiff, and such actions justify the award of exemplary and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an order:

A.     That Defendants, and each of them, have infringed the '663 Design Patent under 35 U.S.C. §§ 271, *et seq.*;

B.     Preliminarily and permanently enjoining Defendants and all persons or entities acting in concert or participation with Defendants from directly or indirectly infringing, or inducing or contributing to the infringement by others of, the '663 Design Patent.

C.     Directing Defendants to destroy all marketing material under Defendants' control that market any product infringing the '663 Design Patent;

D.     Directing Defendants to account to Plaintiff for any and all profits derived by Defendants from the manufacture, sale and/or distribution of infringing goods as described in this Complaint;

E.     Awarding Plaintiff all damages caused by the acts forming the basis of this

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

Complaint, together with interest thereon;

  F. Based on Defendants' willful infringement of the '663 Design Patent, ordering that Plaintiff be awarded treble damages pursuant to 35 U.S.C. § 284;

  G. Ordering Defendants to pay Plaintiff the costs of this action and Plaintiff's reasonable attorneys' fees pursuant to the statutes cited herein;

  H. Based on Defendants' willful and deliberate conduct, and to deter such conduct in the future, awarding punitive damages; and

  I. Granting any such further relief in Plaintiff's favor as the Court deems just and appropriate.

## JURY DEMAND

  Plaintiff hereby demands a trial by jury on all issues so triable.


Dated:  February 1, 2018     ANTERO TORMEY & PETRIN LLP


             By: _____
               Peter J. Tormey
               Aaron M. Davis
               Attorneys for Plaintiff
               PRO-TROLL

COMPLAINT FOR PATENT INFRINGEMENT      CASE NO.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **VERIFICATION**

Plaintiff PRO-TROLL, a California corporation ("Plaintiff") is a party to this action.  I, Richard B. Pool, verify that I am an Officer in Plaintiff herein, that I am authorized to make this verification on behalf of Plaintiff, and that I have read the foregoing Complaint and know the contents thereof.  I verify that the factual matters stated in the foregoing Complaint are true based on my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed February __1__, 2018, at __Pleasant Hill__, CA.

_Richard B Pool_
Richard B. Pool

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.